## JAMES R. ELLIOT AND JOHN N. HILLER, vs. JOHN McHALE.

The defendant lived at Centerville, some miles from Escanawba. Notice of trial was directed to defendant at Escanawba, with the name "Centerville" also written on the envelope. It was customary for the railway conductor to receive letters from the P. M. at Escanawba, so directed, and to deliver them at Centerville. *Held*, that thus mailing or notice was not good service under the rule.

The filing of a note of issue is for the convenience of the clerk, and a neglect to file such note is not a good ground for striking the cause from the calendar.

*Delta Circuit, September,* 1870.

Mr. *Royce*, for Plaintiffs.

Mr. *Ball* and Mr. *Crocker*, for Defendant.

The defendant moved that the case be stricken from the calendar of cases for trial, and that the same be dismissed for reasons following :

The plaintiff's attorney insists *contra*, that the proceedings by defendant's attorney are irregular, and not in conformity to the statute referred to, and did not operate as a stay of proceedings, alleging,

1, That there was no legal service of notice of trial.

2, That there was no note of issue filed.

3, That there had been no county fee paid.

The cause appeared regularly on the calendar on the first day of the term.

As to the notice of trial, it appeared that the defendant lived at a place called Centerville, in Marquette County, on the railroad between Escanawba, the county seat of Delta, and Negaunee, and within forty miles of Escanawba; that the notice was served by mailing it to the defendant, directed to him at Escanawba, depositing it in the post office there with the name "Centerville" also written on the envelope, and that it was customary for the postmaster to send such letters by the conductor of the train, to be left by him at the station designated by the additional inscription on the envelope.

The entry fee was forthwith paid. It was insisted on the part of the defendant that the service of notice of trial was insufficient, and for that cause and for want of a note of issue, it should be stricken from the calendar of cases for trial.

*By the Court,* GOODWIN, J.—It seems to me, and I have

therefore so held, that the note of issue prescribed by the statute and rules is for the clerk to whom it is to be delivered, to guide him in making up the calendar for the term. The party is to be governed by the notice of trial served upon him. The statute and rules provides for both; the one for the clerk, the other for the party. And when the cause is placed by the clerk on the calendar and found there on the first day of the term, upon its being called, it is well there.

The service of notice of trial in the case I think insufficient. The double direction of the letter as to place, to be carried not in the mail, but by a conductor of the train, to be delivered not at a post office, but a place at a railway station, I do not conceive to be a proper compliance with the rule and statute. For this reason, therefore, the motion that the case be stricken from the calendar should be granted.